MORRIS COUNTY COMMON PLEAS.

GEORGE E. SNYDER, PETITIONER-APPELLANT, v. FRANK MORGAN, TRADING AS KAY'S CLUB, RESPONDENT-APPELLEE.

For the petitioner-appellant, *William A. Hegarty.*

For the respondent-appellee, *Mantel & Kaplon.*

HOLLAND, J. The petitioner-appellant was engaged as a bartender by the respondent, and on September 6th, 1929, was hit in the face with a bottle when he refused or was unable to serve whiskey to five or six ruffians, who invaded the barroom where he was employed, causing the loss of his left eye; for which injury compensation is claimed. A petition was duly filed, and after a hearing, was dismissed by the workmen's compensation bureau. An appeal to this court is taken.

Petitioner contends that his employment was merely to sell near beer, but a reading of the evidence in the case is convincing, and I find, that the contract of hiring was to dispense liquor in violation of law, and that the terms of the original contract of employment were never changed.

The contract to act as a bartender for the sale of liquor was an illegal one, and both the employer and employe were subject to indictment and conviction for conspiracy to violate the prohibition laws.

In the case of *Hetzel* v. *Wasson Piston Ring Co.,* 89 *N. J. L.* 201, the Court of Errors and Appeals held that the

Workmen's Compensation act did not apply to contracts which the legislature had already prohibited the parties from making. And in the case of *Boyle* v. *Splinter*, 101 *Id.* 91, Chief Justice Gummere, speaking for the Court of Errors and Appeals, stated:

"It is only in those cases where the contract of hiring is valid that the Workmen's Compensation act is applicable. Contracts which are prohibited by express legislative enactments do not come within the cognizance of the bureau."

The petitioner-appellant contends that he is entitled to prevail in his compensation claims under *Pamph. L.* 1922, *ch.* 257. This act provides a right of action to any person or to the estate of any decedent who sustains an injury or damage caused by any intoxicated person, or by reason of the intoxication of, or the sale of any intoxicating liquor to any person in violation of law. Obviously, it does not affect the Workmen's Compensation acts, but applies to the long and dreadful train of injuries and damages which are likely to result, either to the consumer or to innocent third persons from the illegal dispensation of liquor. Such a case is *Josefa Boniewsky, Administratrix,* v. *Polish Home of Lodi,* affirmed by the Court of Errors and Appeals in 103 *N. J. L.* 323.

The petitioner-appellant also endeavors to raise the question concerning the proper ratification and adoption of the eighteenth amendment to the United States constitution; but this is not the proper court in which to agitate that controversy. Suffice it to say that whether the eighteenth amendment is held to be valid or not, it would have no effect upon the case at bar. The law in this state is clearly set forth in the "Act concerning intoxicating liquor used or to be used for beverage purposes." *Pamph. L.* 1922, *ch.* 255, *p.* 615, generally designated as the Hobart act. This law is a state enactment and does not depend for its validity upon the eighteenth amendment. Under the Hobart act a contract to act as a bartender for the unlawful sale of liquor is illegal, and is without the benefit of the protective Workmen's Compensation laws.

The judgment below is affirmed.